# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ENRIQUE VEGA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent.<br>_____/ | 1:13-cv-01268-AWI<br>1:09-cr-00335-AWI<br><br>**ORDER DISMISSING PETITIONER'S MOTIONS TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>(Docs. 72, 74) |

**I. Introduction**

This matter arises from the conviction by jury trial of Petitioner Ricardo Enrique Vega ("Petitioner"). Petitioner was convicted of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See* Doc. 51 (Verdict of Jury Trial) at 1; Doc. 64 (Transcript of Day Two of Jury Trial) at 171. The jury also found the allegation that the offense involved five hundred grams or more of a substance containing methamphetamine or fifty or more grams of actual methamphetamine to be true. *See* Doc. 51 at 2; Doc. 64 at 171-172. Petitioner is currently incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto") and is proceeding in this matter *in propria persona. See* Doc. 72 (§ 2255 Motion) at 1. On August 12, 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner's motion alleges the following grounds for relief: (1) "the district court erred in finding by a preponderance of the evidence that [P]etitioner

1

was responsible for more [than] 500 grams [of] methamphetamine" (Doc. 72 at 4); (2) the application of mandatory minimum sentence of 20 years pursuant to 21 U.S.C. § 841(b)(1)(A)(viii) based on Petitioner's prior conviction for possession of a controlled substance did not comply with the procedural requirements of 21 U.S.C. § 851 because the prior conviction was never presented to the jury; (3) ineffective assistance of counsel in failing to move to vacate Petitioner's state predicate offense to prevent an enhancement pursuant to § 851. Petitioner also requests a stay so that he may complete his collateral attack of the predicate offense used to enhance his pursuant to § 851. Petitioner filed a second motion on June 11, 2014 alleging: (1) that the court lacked jurisdiction to hear the case because Petitioner was never properly indicted; and (2) ineffective assistance of counsel at sentencing. For the following reasons, Petitioner's claims will be denied.

**II. Background**

Detective Jose Rivera of the Fresno Methamphetamine Task Force received information from a confidential informant that there was an individual, known to the informant as "El Guero" – a man of light complexion – who trafficked in methamphetamine. Detective Rivera made arrangements through the confidential informant to meet "El Guero" and to try to make arrangements for the purchase of methamphetamine.

Detective Rivera met "El Guero" and through investigation discovered that his true name was Ricardo Enrique Vega. In the presence of the confidential informant, he made arrangements with Petitioner to purchase two pounds of crystal methamphetamine. The parties met at a SaveMart store parking lot in Selma and the exchange was consummated. Other law enforcement assisted with aerial and ground surveillance.

Petitioner was arrested at the scene of the buy without incident. The pound of methamphetamine was located under the seat of the vehicle he was driving. He was advised of his *Miranda* rights at the scene. He subsequently made a statement admitting his involvement in drug trafficking. He further advised law enforcement that there was an additional pound of methamphetamine at his home under a barbecue grill. The officers located the additional pound where Petitioner described.

On August 18, 2009, Petitioner was charged, by way of Complaint, with one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Doc. 1 (Complaint). On August 27, 2009, an indictment and true bill were filed, alleging the same Count as alleged in the Complaint. Doc. 7.  On May 5, 2010, the Government filed notice of its intention to offer evidence of Petitioner's prior conviction for possession of a controlled substance, specifically crack cocaine, to seek an enhanced penalty. Doc. 32.

Petitioner was found guilty at a jury trial of the single Count alleged in the indictment and the allegation that Petitioner possessed more than 500 grams of a substance containing methamphetamine was found true. Petitioner was sentenced to imprisonment with the Bureau of Prisons for a term of 240 months based on the mandatory minimum created by 21 U.S.C. §§ 841(b)(1)(A)(viii) and 851.

Petitioner's appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), indicating counsel's inability to identify any non-frivolous issues. Appellate Court Docket No. 10-10447, ("App.Ct. Doc.") 4-1 at 32. Petitioner was given the opportunity to file a *pro se* supplemental or answering brief but failed to do so. Doc. 70 at 2. The United States Court of Appeals for the Ninth Circuit performed an independent review of the record and found no arguable grounds for relief on direct appeal. Doc. 70 at 2. Petitioner's direct appeal was denied on July 2, 2012. Doc. 70. Mandate was issued on July 25, 2012. Doc. 71.

Petitioner now brings the instant motion to vacate.

### III. Legal Standard

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

Courts must "construe pro se habeas filing liberally." *Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir.2003). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. § 2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen,* 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted. Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See United States v. Quan,* 789 F.2d 711, 715 (9th Cir.1986). Summary dismissal pursuant to Rule 4 is appropriate only where the allegations of the petitioner are "vague [or] conclusory," "palpably incredible" or "patently frivolous or false." *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison,* 431 U.S. 63, 75-76 (1977)).

**IV. Discussion**

**A. Timeliness**

Section 2255 contains a 1-year statute of limitations in which to file a petition to vacate, set aside, or correct.  28 U.S.C. § 2255(f); *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011).  The 1-year limitation period runs from the latest of:  "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on

which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Petitioner has alleged no impediment to filing his motion, has alleged no newly recognized right, and has not alleged that any facts were recently discovered. The 1-year statute therefore runs from the date of finality of Petitioner's conviction. Petitioner's direct appeal was decided on June 2, 2012. Mandate was issued on June 25, 2012. Petitioner did not file for certiorari. The judgment of conviction therefore became final on Monday, September 24, 2012. One year from that date is September 24, 2013. Petitioner's first motion to vacate, filed August 12, 2013, is timely. Petitioner's second motion, filed June 11, 2014 is untimely.

Untimely federal petitions for writs of habeas corpus are, as a general rule, barred from federal court review. *See* 28 U.S.C.A. § 2244(d); 28 U.S.C.A. § 2255(f). The fact that the government has not been prejudiced by the prisoner's delay in bringing the federal action is not material. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999). However, a petitioner is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. Diguglielmo*, 544 U.S.408, 418 (2005)).

To support his request for equitable tolling, Petitioner alleges that the district court failed to amend its judgment, as ordered by the Ninth Circuit, to strike the phrase "and payment" as a special condition of supervised release and to reflect that Petitioner was found guilty by a jury rather than that he pled guilty. *See* Doc. 70 at 2. Petitioner contends the Court's alleged failure deprived him of fair notice. However, on August 20, 2013, the Court did amend the judgment as ordered by the Ninth Circuit. *See* Doc. 73. Further, the amended judgment caused no substantive change to Petitioner's status and did not prevent him from making a timely filing.

Since petitioner has neither demonstrated that he has diligently pursued his right nor that some extraordinary circumstance stood in his way to prevent a timely filing, his second motion to vacate is time barred.[1]

**B. Procedural Default**

Petitioner's counsel filed an Anders brief; indicating that no arguable issues existed on appeal. Petitioner was then granted leave to file a supplemental brief. Petitioner filed no supplemental brief. Accordingly, none of the three grounds that Petitioner has brought in the instant motion were raised on direct appeal. *See Gonzales v. United States*, 2009 WL 2379978, *5 (E.D. Cal 2009) (procedural default found where counsel filed Anders Brief and petitioner failed to file supplemental brief when granted leave to do so).

The Supreme Court has cautioned that "federal habeas is a guard against extreme malfunctions in the ... criminal justice systems, not a substitute for ordinary error correction through appeal." *Ryan v. Gonzales,* ––– U.S. ––––, 133 S.Ct. 696, 708 (2013); *see also Sanders v. United States,* 373 U.S. 1, 25 (1963) ("[T]he Court has consistently held that neither habeas corpus nor its present federal counterpart § 2255 is a substitute for an appeal.") (citing, *inter alia, Sunal v. Large,* 332 U.S. 174 (1947)); *Hibbler v. Benedetti,* 693 F.3d 1140, 1148 (9th Cir. 2012) (citing *Harrington v. Richter,* 131 S.Ct. 770, 786 (2011)), *cert. denied,* ––– U.S. ––––, 133 S.Ct. 1262 (2013); *United States v. Braswell,* 501 F.3d 1147, 1150 (9th Cir.2007) ("[B]oth for federal and state convictions, habeas review is not to substitute for an appeal.") (citing *Bousley v. US,* 523 U.S. 614, 621 (1998)); *Huson v. Rhay,* 446 F.2d 861, 862 (9th Cir.1971) ("the writ of habeas corpus is not a substitute for an appeal").

---

[1] To the extent that Petitioner's second motion raised a non-waivable jurisdictional challenge based on a claim that the indictment was deficient, this claim is not actionable. The sufficiency of an indictment or information is not the proper subject to a federal habeas corpus petition unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction. *DeBenedictis v. Wainwright,* 674 F.2d 841 (11th Cir.1982); *In re Cardwell,* 256 F.2d 576, 577 (9th Cir.1957) (federal courts on habeas corpus may only inquire into the validity of a state indictment when it plainly appears from the record that no crime was charged in the indictment). The information in the instant case is not so deficient that the convicting court was deprived of jurisdiction. Petitioner's claim that the indictment was not signed by the grand jury foreman is similarly not actionable. The foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment. *Hobby v. United States*, 468 U.S. 339, 345 (1984) (citing *Frisbie v. United States*, 157 U.S. 160, 163–165 (1895)). A claim that the docket does not contain an indictment or true bill is simply incorrect. *See* Doc. 7, 7-1. Thus, Petitioner's jurisdictional claim, in addition to being time barred, is without merit.

Accordingly, a criminal defendant who could have raised a claim on direct appeal by fails to do so will be found to have procedurally defaulted that claim, and may raise that claim on collateral review "only if the defendant can … demonstrate 'cause'[excusing his procedural default] and actual 'prejudice' [resulting from the claim of error] or that he is 'actually innocent.'"[2] *Braswell,* 501 F.3d at 1149–50 (citing, *inter alia, Bousley,* 523 U.S. at 622); *United States v. Curiel,* 2011 WL 34384434, *3 (2011) *adopted by* 2011 WL 3816283 (E.D. Cal. 2011). "Generally, to demonstrate 'cause' for procedural default, an appellant must show that 'some objective factor external to the defense' impeded his adherence to the procedural rule." *United States v. Skurdal,* 341 F.3d 921, 925 (9th Cir. 2003). Cause for procedural default is most commonly established by showing governmental interference (*Strickler v. Greene*, 527 U.S. 263 (1999)) or ineffective assistance of counsel (*Edwards v. Carpenter*, 529 U.S. 446 (2000)).

Petitioner has alleged ineffective assistance of appellate counsel. The burden of proof to show ineffective assistance is two-pronged. First, Petitioner must show that counsel's performance was deficient, in that counsel made errors so serious that counsel was not functioning as "counsel." *Strickland v. Washington,* 466 U.S. 558, 687, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984); *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). In demonstrating a deficient performance, Petitioner must show that the representation fell below an objective standard of reasonableness. *Id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, since there is a "strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (quoting *Strickland,* 466 U.S. 689).

Second, in proving ineffectiveness, Petitioner must show that counsel's deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 692. To prove prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Stickland*, 466 U.S. at 694.

---

[2] Petitioner has not alleged and could not demonstrate actual innocence.

Mere conclusory allegations are insufficient to prove that counsel was ineffective. *Shah v. United States,* 878 F.2d 1156, 1161 (9th Cir.1989). A habeas petitioner is entitled to an evidentiary hearing or habeas relief when "he has alleged facts [in his petition] which, if proven, would entitle him to relief.... Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir.1990) (quotations omitted).

*1. Ineffective Assistance of Counsel in Failing to Challenge Court Error in Finding by a Preponderance of the Evidence that Petitioner Possessed over 500 grams of Methamphetamine*

Petitioner contends that the trial court erred by making the finding that he possessed over 500 grams of methamphetamine by a preponderance of the evidence where the jury found that petitioner was responsible for under 500 grams. This claim, viewed against the record, is clearly frivolous. The jury found as follows:

> We, the jury, further find as to the allegation that the offense of possession with the intent to distribute methamphetamine involved 500 or more grams of a mixture of substance containing a detectable amount of methamphetamine and/or 50 grams or more of methamphetamine, that allegation is proven.

Doc. 64 at 172; Doc. 51 at 1-2. The jury did not, as Petitioner claims, find that he was responsible for less than 500 grams of a substance containing methamphetamine or 50 grams of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(A)(viii). There was no error by the sentencing court; therefore, counsel did not err by not addressing the issue on appeal.

*2. Ineffective Assistance of Counsel in Failing to Challenge the Application of Section 851*

Petitioner contends that the use of a prior conviction to enhance his sentence pursuant to 21 U.S.C. 851 violates his Sixth and Fourteenth Amendment rights since the prior conviction was not determined to be true by a jury.

A sentencing court cannot enhance the sentence of a defendant convicted of a drug offense under 21 U.S.C. § 841(a) on the basis of a prior felony drug conviction unless the government complies with the requirements of 21 U.S.C. § 851(a). *United States v. Mayfield*,

418 F.3d 1017, 1020 (9th Cir. 2005); (citing *United States v. Severino,* 316 F.3d 939, 942-43 (9th Cir.2003) (en banc)). Section 851(a) provides in relevant part:

> No person who stands convicted of an offense under [21 U.S.C. §§ 841 et seq.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial,… the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a). The government filed one such information in this case. *See* Doc. 32. Section 851(e) reads:

> No person who stands convicted of an offense under [21 U.S.C. §§ 841 et seq.] may challenge the validity of any prior conviction alleged under [21 U.S.C. § 851] which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e). Section 851(a) "requires strict compliance with the procedural aspects[, but] ... [a]s long as the information provides clear notice to a defendant of the prior convictions (and the court gives an opportunity to attack convictions less than five years old), then the statute has been satisfied." *United States v. Mayfield*, 418 F.3d 1017, 1020 (9th Cir. 2005) (citing *inter alia, United States v. Hamilton,* 208 F.3d 1165, 1168 (9th Cir. 2000)). The conviction alleged as to Petitioner was well over five years old at the time of the filing of the information. The terms of Section 851 were complied with. Accordingly, there was no error in not filing an appeal on that ground.

In the wake of *Alleyne v. United States*, ___U.S.___, 133 S.Ct. 2151 (2013) this Court has seen multiple motions by § 2255 Petitioners seeking a ruling that 21 U.S.C. § 851 is unconstitutional. The holding of *Alleyne* does not lend itself to any such conclusion. *Alleyne* is an extension of *Apprendi. Alleyne,* 133 S.C.t. at 2153 ("*Apprendi'* s principle applies with equal force to facts increasing the mandatory minimum...."); *see Broussard v. United States*, 2014 WL 2767385 (E.D. Cal. June 18, 2014)(AWI). In *Broussard*, this Court summarized:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490; *see also, United States v. Harris,* 741 F.3d 1245, 1249 (11th Cir.2014) (upholding judicial use of

prior convictions during sentencing without a jury finding those prior convictions beyond a reasonable doubt and noting *Apprendi*'s distinction between 'normal' judicial factfinding and the use of prior convictions as a factual basis for sentence enhancement.). Therefore, *Alleyne* does not require that prior convictions be submitted to a jury in order for the predicate offense to be taken into account during sentencing…. [A]s *Alleyne* is an extension of *Apprendi* and *Apprendi* explicitly exempts prior convictions from the requirement that factors which increase the penalty for a crime be submitted to the jury, this Court will not rule § 851 unconstitutional.

*Broussard v. United States*, 2014 WL 2767385, at *5. This Court's determination in *Broussard* holds true here. A prior conviction need not be submitted to a jury in order to comply with the Sixth Amendment. Accordingly, Petitioner's counsel did not commit error in not challenging the constitutionality of Section 851.

*3. Ineffective Assistance of Counsel in Flailing to Move to Vacate Petitioner's State Predicate Felony Drug Offense to Prevent an Enhancement Pursuant to § 851*

As discussed *supra*, Section 851 precludes a criminal defendant from challenging a prior felony drug conviction which occurred more than five years before the date of the information alleging the prior conviction. 21 U.S.C. § 851(e). Petitioner's trial counsel did not err in failing to challenge Petitioner's conviction that took place more than five years before the date of the filing of the information. *See* Doc. 32. Such a challenge would have had no chance of success. Moreover, Petitioner's counsel appears to have been aware that such a challenge was unsupported by the law yet attempted to preserve the constitutional challenge to Section 851 in her sentencing memorandum:

> The case of *Almendarez-Torres v. United States* has yet to be overturned by the Supreme Court. That case provides that a prior conviction can be proven without presentation to the jury and proof beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In all other instances -- with the exception of mandatory minimums -- any fact has to be proven to a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Mr. Vega submits that the application of the mandatory minimum, applying a twenty year sentence, violates his Fifth and Sixth Amendment rights.…

Doc. 53 at 2.

To the extent that Petitioner alleges ineffective assistance of counsel alleging that counsel was deficient in failing to expunge the state conviction, such an action would have made no difference for purposes of the mandatory minimum of Section 841. *See United States v. Norbury*, 492 F.3d 1012, 1015 (9th Cir. 2007) ("An expunged or dismissed state conviction qualifies as a prior conviction [pursuant to Section 841] if the expungement or dismissal does not alter the legality of the conviction or does not represent that the defendant was actually innocent of the crime."). An expungement or dismissal would not alter the legality of the prior conviction nor would it represent that Petitioner is actually innocent of it.[3] Accordingly, even if trial counsel erred in failing to move to vacate or expunge Petitioner's state court drug conviction, such error was without prejudice since there is no possibility that an expungement - if granted - would have had an impact on the outcome of this case.

*4. Conclusion*

Since Petitioner cannot show deficient performance or prejudice as to any of the defaulted claims, he cannot demonstrate cause to excuse his failure to bring them on direct appeal. Accordingly, Petitioner's claims are procedurally defaulted. Since all of Petitioner's substantive claims are either time barred or procedurally defaulted, this Court will not impose a stay.

**C. Petitioner is not entitled to a certificate of appealability.**

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* ––– U.S. –––, 133 S.Ct. 1017, 2013 WL 598436, *2 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.), and "[t]he district court must issue or deny a certificate of appealability when it enters a final order

---

[3] Since Petitioner's prior felony drug conviction took place in California and he does not allege that he was actually innocent or that the court lacked jurisdiction, he could have sought expungement only through California Penal Code Section 1203.4 for having successfully been discharged from probation, if he was granted probation. The record is not clear as to whether Petitioner was granted probation but – assuming the best for petitioner – Section 1203.4 specifically provides that, "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed" even if the conviction is set aside or guilty plea withdrawn. Thus, even if the conviction were set aside at the state level, the state law would not dismiss for all purposes.

adverse to the applicant", Rule 11(a) of Rules Governing Sec. 2254 Cases. A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]'" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, *10 (9th Cir. 2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The issuance of a COA is "a rare step." *Murden v. Artuz,* 497 F.3d 178, 199 (2d Cir. 2008) (Hall, J., concurring).

Reasonable jurists would not find it debatable that the claims of Petitioner's § 2255 motion filed on August 12, 2013 are defaulted because he could have raised them on direct appeal but did not. Nor would reasonable jurists disagree that Petitioner's § 2255 motion filed on June 11, 2014 is time barred. No arguments opposing dismissal on these grounds are "adequate to deserve encouragement to proceed further." *Jennings v. Baker,* ––– Fed.Appx. –––, 2013 WL 830610, * 1 (9th Cir.2013) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)). Accordingly, a COA will be denied.

## V. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Motions to Vacate are DENIED;
2. The Court DECLINES to issue a certificate of appealability; and
3. The Clerk of the Court is directed to serve Petitioner with a copy of this order.

IT IS SO ORDERED.

Dated: July 9, 2014

_____
SENIOR DISTRICT JUDGE