# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ENRIQUE VEGA,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES,<br><br>Respondent | CASE NO. 1:09-CR-0335 AWI<br><br>**ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>(Doc. No. 84) |

Petitioner Ricardo Vega ("Petitioner") is a federal prisoner proceeding pro se. Currently before the Court is Petitioner's motion for reconsideration.

*Background*

On June 30, 2010, a jury found Defendant guilty of violating 18 U.S.C. § 2 and 21 U.S.C. § 841, possession with intent to distribute methamphetamine. See Doc. No. 51. On September 13, 2010, Defendant was sentenced to 240 months imprisonment and 60 months supervised release. See Doc. Nos. 55, 56.

Defendant timely appealed to the Ninth Circuit, and July 2, 2012, the conviction was affirmed. See Doc. No. 70.

On August 12, 2012, and June 11, 2014, Defendant filed petitions under 28 U.S.C. § 2255. See Doc. No. 72, 74. On July 10, 2014, the Court dismissed both of Defendant's petitions. See Doc. No. 75.

On March 17, 2015, the Ninth Circuit denied Defendant's request for a certificate of appealability. See Doc. No. 80.

On April 26, 2017, Defendant filed a "motion to vacate conviction and dismiss defendant for want of due process and multiple constitutional violations." Doc. No. 81. This motion was construed as a third § 2255 petition. See Doc. No. 82. On May 5, 2017, the Court dismissed the third petition as an unauthorized successive petition. See Doc. No. 82.

On May 22, 2017, Petitioner filed a motion for reconsideration of the May 5 denial. See Doc. No. 84.

*Petitioner's Motion*

Petitioner contends that the Court was wrong to characterize his motion as a § 2255. Petitioner contends that his April 2017 motion sought to vacate his conviction due to an absence of due process and multiple constitutional violations. Other statutes unquestionably grant the court authority hold a hearing and grant relief, such as Federal Rule of Civil Procedure 60(b). Improperly characterizing the motion and the dismissing the motion without notice was fatally unconstitutional.

*Legal Standard*

"28 U.S.C. § 2255 allows a federal prisoner to 'vacate, set aside, or correct' the prisoner's conviction or sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." United States v. Hill, 915 F.3d 669, 674 (9th Cir. 2019) (quoting 28 U.S.C. § 2255(a)). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) reads:

> A second or successive motion must be certified as provided in [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). To avoid § 2255(h), petitioners will often attempt to characterize their motions in a way that avoids the requirements of § 2255(h). See Washington, 653 F.3d at 1059.

For example, petitioners sometimes attempt to characterize their motions as brought under Rule 60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances support relief. See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011). However, "if the motion presents a 'claim,' i.e. 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." Washington, 653 F.3d at 1063 (citing Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)); see also Buenrostro, 638 F.3d at 722. If § 2255(h) applies, but a petitioner has not received permission from the court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction. See Washington, 653 F.3d at 1065.

*Discussion*

No valid grounds for reconsideration have been presented. Plaintiff's motion for reconsideration states that his April 2017 motion sought to vacate his conviction due to multiple constitutional violations. See Doc. No. 84 at p.2. Section 2255 is precisely the procedural mechanism for such an attempt to vacate a conviction. See 28 U.S.C. § 2255(a); Hill, 915 F.3d at 674. Moreover, Petitioner's April 2017 motion expressly invoked § 2255: "Now comes Defendant . . . and pursuant to 28 USC, section 2255; relevant federal rules of procedure; and the [various amendments of the United States Constitution], moves this Honorable Court for immediate release . . . ." Doc. No. 81 at p.1. Further, to the extent that Plaintiff was relying on other procedural rules or mechanisms to vacate his conviction, such an attempt is unavailing. By alleging that his conviction must be vacated due to constitutional violations, Petitioner was clearly pursuing a "claim" for purposes of § 2255(h). See Washington, 653 F.3d at 1063.

Although Petitioner may have been attempting to invoke another procedural mechanism, that attempt was improper and could not avoid the reach and requirements of § 2255. See id. Because the Court's dismissal of the April 2017 motion as an unauthorized successive § 2255 petition was proper, Petitioner's motion for reconsideration will be denied.

Additionally, when the Court dismissed the April 2017 motion, it did not address whether to issue a certificate of appealability. Because the Court finds that reasonable jurists would not disagree that the April 17 motion was an unauthorized successive § 2255 petition, nor would reasonable jurists disagree that the motion for reconsideration was without merit, the Court declines to issue any certificate of appealability. See 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 483-844 (2000).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (Doc. No. 84) is DENIED;
2. The Court DECLINES to issue a certificate of appealability in this case; and
3. This case remains closed.

IT IS SO ORDERED.

Dated: April 16, 2019

_____
SENIOR DISTRICT JUDGE