**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES,** | **CASE NO. 1:09-CR-0335 AWI** |
| **Plaintiff** | |
| | **ORDER ON DEFENDANT'S MOTION TO OPEN JUDGMENT** |
| **v.** | |
| **RICARDO ENRIQUE VEGA,** | (Doc. No. 85) |
| **Defendant** | |

Defendant Ricardo Vega is a federal prisoner proceeding pro se in this "motion to open judgment."[1]  Defendant seeks relief from his sentence through 18 U.S.C. §§ 3742(a)(1), (3) and 3582(b), as well as Federal Rule of Civil Procedure 60(b)(2), (4), and (6).  For the reasons that follow, Vega's motion will be denied.

*Background*

On June 30, 2010, a jury found Defendant guilty of violating 18 U.S.C. § 2 and 21 U.S.C. § 841, possession with intent to distribute methamphetamine.  See Doc. No. 51.  On September 13, 2010, Defendant was sentenced to 240 months imprisonment and 60 months supervised release.  See Doc. Nos. 55, 56.  As part of the sentencing, District Judge Wanger considered

---

[1] The docket shows that Defendant's motion is one to "Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)."  However, a review of the motion shows that it is entitled "motion to reopen judgment" and does not cite to or rely on 18 U.S.C. § 3582(c)(2).  Therefore, the Court will order the Clerk to change the docket to reflect that Plaintiff filed a "motion to open judgment."

application of 21 U.S.C. § 851 to a 1998 conviction under California Health & Safety Code § 11350(a).  See Doc. Nos. 32, 53, 54, 55.  Application of § 851 resulted in a 240 month mandatory sentence.

Defendant timely appealed to the Ninth Circuit, and on July 2, 2012, the conviction was affirmed.  See Doc. No. 70.

On August 12, 2012, and June 11, 2014, Defendant filed petitions in this Court under 28 U.S.C. § 2255.  See Doc. No. 72, 74.  On July 10, 2014, the Court dismissed both of Defendant's petitions.  See Doc. No. 75.  On March 17, 2015, the Ninth Circuit denied Defendant's request for a certificate of appealability.  See Doc. No. 80.

On April 26, 2017, Defendant filed a third § 2255 petition.  On May 5, 2017, the Court dismissed the third petition as an unauthorized successive motion.  See Doc. No. 82.

On May 22, 2017, Defendant filed a motion for reconsideration of the May 5 denial.  See Doc. No. 84.  The motion for reconsideration was denied on April 16, 2019.  See Doc. No. 87.

On December 18, 2018, Defendant's 1998 conviction under § 11350(a) was redesignated from a felony conviction to a misdemeanor.  See Doc. No. 85 at Ex. C.

On April 11, 2019, Defendant filed the pending motion to open judgment.

*Defendant's Argument*

Defendant argues that his state conviction under § 11350(a) was for simple possession of crack cocaine.  Section 11350(a) reads in relevant part that one convicted of that offense "shall be punished by imprisonment in a county jail for not more than one year."  Because the § 11350(a) offense was not a felony, it could not be used under 21 U.S.C. § 851 for purposes of imposing a 240 month mandatory minimum sentence.  Because a non-qualifying offense was used for purposes of § 851, Defendant argues that his sentence is unconstitutional.  Defendant contends that relief is appropriate through either Federal Rule of Civil Procedure 60(b) or 18 U.S.C. § 3582(b)(2) and 18 U.S.C. § 3742(a)(1).

*Legal Standard*

"28 U.S.C. § 2255 allows a federal prisoner to 'vacate, set aside, or correct' the prisoner's conviction or sentence 'upon the ground that the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." United States v. Hill, 915 F.3d 669, 674 (9th Cir. 2019) (quoting 28 U.S.C. § 2255(a)). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) reads:

> A second or successive motion must be certified as provided in [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). To avoid § 2255(h), petitioners will often attempt to characterize their motions in a way that avoids the requirements of § 2255(h). See Washington, 653 F.3d at 1059. For example, petitioners sometimes attempt to characterize their motions as brought under Rule 60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances support relief. See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011). However, "if the motion presents a 'claim,' i.e. 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." Washington, 653 F.3d at 1063 (citing Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)); see also Buenrostro, 638 F.3d at 722. If § 2255(h) applies, but a petitioner has not received permission from the court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction. See Washington, 653 F.3d at 1065.

*Discussion*

A § 2255 petition is the appropriate mechanism for challenging the constitutional validity of a sentence. See 28 U.S.C. § 2255(a); Hill, 915 F.3d at 694. Although Defendant is invoking Rule 60(b) and two sections of Title 18 of the United States Code (which appear to have no application to this case), Defendant is asserting that his sentence is invalid because it is

3

unconstitutional. Therefore, Defendant's motion constitutes a "claim" for purposes of § 2255(h). See Washington, 653 F.3d at 1063. Defendant cannot invoke other procedural mechanisms to avoid § 2255(h). See id. Therefore, this motion is a success § 2255 petition. See id. However, because Defendant has not obtained authorization to pursue a successive § 2255 petition from the Ninth Circuit, this Court is without jurisdiction and must deny Defendant's petition.[2] See id. at 1063-65.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen judgment is DENIED as an unauthorized successive § 2255 petition;

2. The Clerk shall retitle Doc. No. 85 as "Motion To Reopen Judgment"; and

3. This case remains CLOSED.

IT IS SO ORDERED.

Dated: __April 17, 2019__          _____

SENIOR DISTRICT JUDGE

---

[2] The Court notes that Defendant has attached a copy of § 11350 and the 2018 state court order that redesignated his § 11350 conviction to a misdemeanor. See Doc. No. 85 at Exs. A, C. Two points are worth making. First, the December 2018 order acknowledges that Defendant's 1998 conviction was indeed a felony under § 11350(a). See Doc. No. 85 at Ex. C. Second, the copy of § 11350 that is attached and relied upon by Defendant is the current version of § 11350. The 1998 version of § 11350(a) provides for "imprisonment in the state prison," Cal. Health & Safety Code § 11350 (1998 ed.), and was regarded as a "straight felony." People v. Bautista, 7 Cal.App.5th 591, 595 (2017). Therefore, contrary to Defendant's argument, neither Exhibit A nor Exhibit C indicate that Defendant was not convicted of a felony.